UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUDY PEATROWSKY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PERSOLVE, a limited liability company, and DOES 1-10,<br><br>Defendants. | Case No. 2:12-cv-00935-MMD-VCF<br><br>ORDER |

Before the Court is the verified petition by Edit Alexandryan for permission to be admitted to practice pro hac vice.

The filings relating to counsel's petition are reflected in the docket and are too numerous to recount here. (*See* dkt. nos. 38, 40, 47, 51, 54, 59, and 61.) Plaintiff filed a response objecting to the initial petition found at docket no. 38. (*See* dkt. no. 39.) The Court denied the petition and the second petition (dkt. no. 40), which only corrected one deficiency, for failure to comply with LR IA 10-2 and LR IA10-1(b)(1). (*See* dkt. no. 41.) After counsel filed the last petition (dkt. no. 47), the Court identified additional questions and ordered counsel to supplement her petition within 7 days. (*See* dkt. no. 50.) Counsel filed a notice of corrected image and identified the missing information in response to the Court's questions. (Dkt. no. 51.) On May 3, 2013, about two months after plaintiff's response to her initial petition and after the Court denied the initial and second petitions, counsel filed a "reply" to plaintiff's response without seeking

leave of Court.[1] (*See* dkt. no. 59.) The numerous deficiencies in the petitions and the late filed "reply" demonstrate that counsel is either not familiar with the Court's local rules or is cavalier about complying with them.

Local Rule IA ("Rule") 10-2 outlines the requirements and procedures for an attorney who is not a member of the Nevada Bar to seek admission to practice in a particular case. Rule 10-2(a)(5) requires counsel to associate "an active member in good standing of the State Bar of Nevada as counsel of record." Rule 10-1(b) requires that an attorney who is admitted to practice in Nevada but who does not maintain an office in Nevada must "either associate a licensed Nevada attorney maintaining an office in Nevada or designate a licensed Nevada attorney maintaining an office in Nevada" for purposes of service. Rule 10-1(b)(1) clarifies that "[a] post office box or a mail drop location shall not constitute an office under this rule." Rules 10-1(b) and 10-2 combined require that the Nevada local counsel must not only be licensed but must also maintain an office in Nevada. The purpose of these rules is to ensure that counsel from out of state associate with local counsel who is familiar with the court's rules of practice and procedures. An attorney who is licensed in Nevada and maintains an office in Nevada would presumably do some work in the state so the Court can presume some familiarity with the Court's local rules and practice.

Ms. Alexandryan claims that her designated Nevada local counsel, Alaine Patti-Jelsvik, who is also employed with Defendant, maintains an office at the Nevada address designated in her petition where Ms. Patti-Jelsvik "receives her mail for Nevada matters." (Dkt. no. 59 at 4.) In her declaration, Ms. Patti-Jelsvik asserts that she uses her Nevada address to receive service of documents and mail, and as daily mail is received, a copy is forwarded to her via email and the hard copy sent to her by mail.

---

[1] The title of the "reply" references plaintiff's objection to Ms. Alexandryan's third and fourth petitions (dkt. nos. 47 and 51). However, the "reply" is docketed as a reply to plaintiff's response to the initial petition (dkt. no. 40), which was the only response filed by plaintiff.

(Dkt. no. 59-2.) She does not claim to maintain the Nevada address for any purpose other than to receive mail.

Merely having a physical office where an attorney can receive mail does not amount to maintaining an office for the purpose of Rule 10-1(b), otherwise, an attorney can circumvent this rule by renting an office to receive mail as Ms. Patti-Jelsvik has done here. Ms. Patti-Jelsvik's Nevada address is indistinguishable from a drop box or a post office address. Indeed, the fact that counsel exhibits such a lack of familiarity with respect to the court's local rules as noted above only further demonstrates that the goal behind Rule 10-1(b) is thwarted if counsel can associate with a Nevada licensed attorney who has an office in the state solely to receive mail. Accordingly, Ms. Alexandryan's petition files to comply with Rules 10-2 and 10-1(b) and is denied.

IT IS THEREFORE ORDERED that Edith Alexandryan's petition for permission to practice (dkt. nos. 38, 40, 47 and 50) is denied. Counsel is given another fifteen (15) days to submit an amended petition that complies with Rules 10-2 and 10-1(b).

DATED THIS 21st day of May 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE