1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10
11

JUDY PEATROWSKY,

Case No. 2:12-cv-00935-JAD-VCF

12

Plaintiff,

13

v.

**Order DENYING Plaintiff's Motion for
Entry of Clerks Default [Doc. 46],
Motion to Strike Defendant's Motion to
Dismiss [Doc. 52], and Motion to
Shorten Time [Doc. 53]; GRANTING
in part and DENYING in part
Defendant's Motion to Dismiss [Doc.
48];, and DENYING Defendant's
Motion to Strike [Doc. 49].**

14

PERSOLVE, a limited liability company, and DOES
1-10,

15
16

Defendants.

17
18
19

In this abusive-debt-collection-practices case, the Court is asked to determine whether a

20

defendant that has appeared and actively defended this case through a successful venue-transfer

21

motion should be defaulted because its response to plaintiff's amended complaint was filed several

22

days after the due date.  The Court answers this question with a resounding no in light of the facts of

23

this case and denies the plaintiff's motions for default, to shorten time, and to strike the defendants'

24

response to the amended complaint.  The Court also denies the defendant's motion to strike portions

25

of the amended complaint but finds that the plaintiff's claims for deceptive trade practices and

26

negligence per se fail to state a cognizable claim for relief and dismisses them with prejudice.

27
28

1

**Background**[1]

2    Defendant Persolve is a debt-collection law firm conducting business in California and

3 Nevada.  On December 29, 2011, Persolve's agent called Plaintiff Judy Peatrowsky from its

4 California office and, while purporting to be an attorney, attempted to collect a debt Peatrowsky

5 allegedly owed on a Chase Disney Credit Card.  The agent represented the amount Peatrowsky owed

6 was $10,653.56; however, the actual charge-off balance was $8,077.23.  The agent then asked

7 Peatrowsky to cash out her 401k account or borrow money from family to pay the alleged debt.

8    The agent then induced Peatrowsky to provide personal information by representing that she

9 might be eligible for a "hardship waiver."  The agent placed the Plaintiff on hold to determine her

10 eligibility but, upon returning to the line, the agent stated that a legal complaint had already been

11 drawn up and Persolve needed $7,000.00 that day to settle the account or the lawsuit would be filed

12 the following day.  However, Persolve did not file—or intend to file—the lawsuit the following day.

13    The agent then offered a repayment plan and suggested that Peatrowsky use her tax refund,

14 year-end bonuses, or inheritance money to meet the lump-sum settlement obligation.  The agent

15 informed Peatrowsky that Persolve had pulled her credit and was pursuing her because it knew that

16 she had good credit; however, as a general practice, Defendant pursues people with all types of

17 credit.  The agent also informed Peatrowsky that Persolve could obtain a judgment against her and

18 garnish 25% of her wages, adding, "how would you like that?"

19    At this point, Peatrowsky offered to pay $500 up-front and to attempt to make $400 monthly

20 payments.  The agent stated "the attorney" wanted higher monthly payments if the up-front payment

21 was lower.  Peatrowsky complained about the harsh repayment demands and the agent stated that

22 Peatrowsky should have thought about that before she stopped paying her debt.  The agent further

23 informed Peatrowsky that Chase had the right to seek any repayment terms it wanted.[2]  Peatrowsky

24

25    [1] The contents of this section are taken from the First Amended Complaint and do not constitute any finding of fact by the Court.

26

27    [2] It is unclear from Peatrowsky's allegations if Persolve was collecting the debt on behalf of Chase or if Chase had assigned its right to payment to Persolve.

28

1    then requested verification of the debt and explained she was uncomfortable paying anything before

2    receiving verification.  The agent insisted on immediate payment, saying that many people ultimately

3    fail to pay even after Persolve wasted "man hours" on obtaining verification.   Peatrowsky expressed

4    that she was flustered by the threat of suit and the agent reiterated that Persolve had the right to sue

5    her.

6           Persolve placed eight telephone calls to Peatrowsky on December 30, 2011, five of which

7    were made to her cell phone.  On Peatrowsky's cell phone voicemail, Persolve left a message

8    without the disclosures required under federal and state law.  In conversation, Peatrowsky asked if

9    the call was being recorded and the agent stated that it was not.  But Persolve recorded the call.

10   Persolve also called Peatrowsky at work on December 28, 2011, claiming to be calling from

11   "Speedee Delivery Service."  Persolve verified Peatrowsky's address under the guise that Speedee

12   Delivery Service was delivering a package.  The number on Peatrowsky's work caller ID was the

13   same number eventually used to call her home and cell phones in attempt to collect the debt.

14   Peatrowsky contends she experienced emotional distress as a result of the calls.

15          Peatrowsky's attorney called Persolve and spoke with its general counsel, Alaine Patti-

16   Jelsvik on January 4, 2012.  Peatrowsky's attorney informed Ms. Patti-Jelsvik of  Peatrowsky's

17   intent to bring suit and the basis for suit, offering to enter into pre-filing settlement talks.

18   Peatrowsky's attorney also inquired as to why Defendant claimed the debt to be in excess of

19   $10,000.00 when the actual outstanding balance was approximately $8,000.00.  Ms. Patti-Jelsvik

20   informed Peatrowsky's attorney that the increased amount represented "interest from the day of

21   charge off."  Peatrowsky's attorney inquired as to the authority to charge interest, and Ms. Patti-

22   Jelsvik informed Peatrowsky's attorney that Nevada law allows debt collectors to charge 5.25%

23   interest on debt.

24          Peatrowsky originally filed this suit in the Central District of California.  Doc. 1.  Persolve

25   appeared and responded with various motions to dismiss.  Docs. 4, 5, 7, 8, 10.  In May 2012, the

26   California District Court granted Persolve's motions in part and transferred the case to Nevada.  Doc.

27   22.  Peatrowsky successfully moved to amend her complaint, Docs. 37, 42, and filed her First

28

Amended Complaint ("FAC") on March 12, 2013.  Doc. 43.  Persolve did not file a timely answer, and on April 10, 2013, Peatrowsky moved for entry of a clerk's default.  Doc. 46.  That same day, Persolve filed a motion to dismiss counts four through eight of the FAC, Doc. 48, and to strike various paragraphs of the new pleading as "immaterial, impertinent, and scandalous."  Doc. 49. Peatrowsky responded with her own motion to strike Persolve's motions and a request to shorten the time for hearing her motion.  Docs. 52, 53.  For the reasons set forth below, the Court denies Peatrowsky's motions and Persolve's motion to strike, grants Persolve's motion to dismiss in part, and dismisses Peatrowsky's fifth and sixth claims for relief with prejudice.

**Discussion**

The instant motions present two basic issues for resolution: (1) are Persolve and its motions properly before the Court in light of Persolve's failure to timely respond to the FAC, and (2) if so, is Persolve entitled to dismissal of Peatrowsky's fourth through eighth claims for relief and an order striking her allegations as immaterial, impertinent, and scandalous?  The Court finds that Persolve did not default on its defense, grants the motion to dismiss claims five and six only, and denies all other requested relief.[3]

**A.**      **Persolve has appeared and defended, precluding entry of default.**

Peatrowsky argues that because Persolve failed to respond to the FAC within Rule 15(a)(3)'s 14-day deadline,[4] the Clerk of the Court must enter default.  Peatrowsky further argues that Persolve's motions are not properly before the Court because Persolve was in default when so moving and the motions are untimely.  Plaintiff requests the Court enter default against Persolve and strike its motions.  Plaintiff's request is not supported by the law.

**1.**      **Default is not appropriate once a party has appeared.**

Generally, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

---

[3] The Court finds all of these motions appropriate for disposition without oral argument.  L.R. 78-2.

[4] Fed. R. Civ. P. 15(a)(3).

Page 4 of 17

1    enter the party's default."[5]  However, where a party has "appeared" before the Court, the party is

2    generally considered to have "otherwise defend[ed]" the suit.[6]  Thus, where a party defended against

3    an initial complaint, but later failed to timely file a response to an amended complaint, entry of

4    clerk's default is inappropriate.[7]

5            Additionally, when determining whether to reach the merits of an untimely defense, courts

6    consider factors including the culpability of the defendant, any prejudice to the plaintiff, and the

7    existence of a meritorious defense.[8]  A defendant is culpable when its delay resulted from a wilfully

8    and intentionally failure to comply with the applicable rules.[9]  A plaintiff is prejudiced when

9    consideration of the delayed defense would in some way hinder plaintiff's ability to prosecute the

10   action.[10]  Finally, where meritorious claims exist, courts construe doubts in favor of the defendant as

11   decisions on the merits are favored.[11]

12           **2.      Persolve has appeared and actively defended this case.**

13           Despite failing to file an answer in response to the FAC, Persolve has indicated its clear

14   intent to defend this action by, *inter alia*, appearing in this case, defending against Peatrowsky's

15   original complaint, and successfully moving for a change of venue.[12]  Additionally, the factors weigh

16   in favor of considering the merits of its motions.  Persolve's late filing is attributable to its counsel's

17   _____

18           [5] Fed. R. Civ. P. 55(a).

19           [6] *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir.
20   1988).

21           [7] *See Sembach v. Club One*, No. 3:10–CV–00654–LRH–VPC, 2011 WL 6780881 at *1 (D.
     Nev. Dec. 27, 2011); Fed. R. Civ.P. 55(a), 2007 advisory committee's note; Schwarzer, Tashima &
22   Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial ¶ 6:28 (The Rutter Group 2009).

23           [8] *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)
     (discussing factors to consider in setting aside default judgment).

24           [9] *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697-99 (9th Cir. 2001).

25           [10] *Id.* at 701 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 2984)).

26           [11] *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986).

27           [12] Docs. 4, 5, 7, 8, 10, 11, 22.

28                                            Page 5 of 17

1    confusion and negligence, not to some intentional attempt to gain a tactical advantage over

2    Peatrowsky.  Further, Peatrowsky has not articulated how consideration of Persolve's motions would

3    hinder her prosecution of the action, and the Court cannot discern any prejudice.  Finally, as

4    discussed below, Persolve has meritorious defenses as to some claims.  In the absence of further

5    dilatory conduct,[13] entry of default against Persolve is not warranted, and its motions are properly

6    before this Court.  The Court therefore denies Peatrowsky's Motion for Entry of Clerk's Default,

7    Motion to Strike, and Motion to Shorten Time.[14]

8    **B.    Persolve's Motion to Dismiss**

9           Having determined Persolve did not procedurally default in its defense, the Court proceeds to

10   the merits of Persolve's motions to dismiss.  Persolve does not challenge the sufficiency of

11   Peatrowsky's first three claims for relief but asserts that counts four through eight fail to state claims

12   upon which relief may be granted.  Because counts five and six lack sufficient factual allegations to

13   support the elements of those alleged claims, the Court grants Persolve's motion as to those counts,

14   but denies it as to all others.

15          **1.    Legal Standard**

16          A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

17   be granted."[15]  A properly pled complaint must provide "a short and plain statement of the claim

18   showing that the pleader is entitled to relief."[16]  While Rule 8 does not require detailed factual

19   allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

20   _____

21          [13] The Court cautions Persolve's counsel that further violations will not be tolerated as this party is establishing a troubling pattern of practice.  A hearing was skipped because counsel did not

22   receive a message from the Court's deputy, a filing was delayed because of eleventh-hour computer difficulties, and the deadline for Persolve's response to the FAC was miscalculated.  That counsel

23   perceives Peatrowsky's prosecution of this action to be similarly unprofessional does not excuse her own failings.  Counsel's actions interfere with the Court's administration of its docket. Counsel is cautioned against continuing such behavior.

24

25          [14] As Peatrowsky has already responded to Persolve's motions, her alternative request for an extension of time is also moot.

26          [15] Fed. R. Civ. P. 12(b)(6).

27          [16] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

28                                    Page 6 of 17

of a cause of action."[17]  "Factual allegations must be enough to rise above the speculative level."[18]
Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a
claim to relief that is plausible on its face."[19]

In *Ashcroft v. Iqbal*, the Supreme Court clarified the two-step approach district courts are to
apply when considering motions to dismiss.[20]  First, a district court must accept as true all well-pled
factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of
truth.[21]  Mere recitals of the elements of a cause of action, supported only by conclusory statements,
do not suffice.[22]  Second, a district court must consider whether the factual allegations in the
complaint allege a plausible claim for relief.[23]  A claim is facially plausible when the plaintiff's
complaint alleges facts that allows the court to draw a reasonable inference that the defendant is
liable for the alleged misconduct.[24]  Where the complaint does not permit the court to infer more than
the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is
entitled to relief."[25]  When the claims in a complaint have not crossed the line from conceivable to
plausible, plaintiff's complaint must be dismissed.[26]

---

[17] *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[18] *Id*.

[19] *Id.* at 570.

[20] 556 U.S. 662 (2009).

[21] *Id*. at 679.

[22] *Id*. at 678.

[23] *Id*. at 679.

[24] *Id.* at 678.

[25] *Id*. at 679 (internal quotation marks omitted).

[26] *Twombly*, 550 U.S. at 570.

**2.      Count 4, alleging violations of the Telephone Consumer Protection Act, is sufficiently pled to withstand the 12(b)(6) challenge.**

To state a claim under the TCPA, a plaintiff must establish that: (1) defendant made a call to plaintiff's cellular telephone, (2) "using an automatic telephone dialing system or leaving an artificial or prerecorded voice," (3) without prior consent of the plaintiff."[27]  Peatrowsky's allegations in the FAC are sufficient to state a claim under the TCPA.  Peatrowsky alleges that Persolve placed five calls to her cell phone[28] using an automatic telephone dialing system ("ATDS") without her consent.[29]

Persolve argues that Peatrowsky's allegations are legal conclusions not entitled to the presumption of truth.  Persolve asserts that, to be properly plead, Peatrowsky must allege the definition of an ATDS from the TCPA, rather than simply concluding the device used to contact Peatrowsky was an ATDS.  Persolve also avers that Peatrowsky's allegations are not *phrased* as facts, but rather as conclusions.

However, Persolve's position applies too stringent of a standard.  A number of courts have determined that the alleged use of an ATDS—without specifically alleging the statutory definition—was sufficient to state a claim.[30]  Moreover, the Court does not find a meaningful distinction between an allegation that defendant used an ATDS or autodialer to contact Peatrowsky and an allegation that defendant used "equipment which has the capacity . . . to store or produce telephone numbers . . .  and to dial such numbers"[31] to place the call.  Additionally, although her

---

[27] 47 U.S.C. § 227(b)(1)(A)(iii).

[28] Doc. 43, ¶ 28.

[29] *Id.* at ¶ 66.

[30] *See*, *e.g.*, *Brown v. Hosto & Buchan, PLLC*, 748 F. Supp. 2d 847, 859 (W.D. Tenn. 2010) (summarizing various courts' holdings).

[31] 47 U.S.C. § 227(a)(1).

1    allegation that "Defendant violated 47 U.S.C. § 227(b)(1)(A)"[32] is a legal conclusion not entitled to

2    the presumption of truth, the remaining allegations, both in that paragraph and elsewhere throughout

3    the FAC, are properly alleged facts.[33]  Although Persolve might ultimately prove its contact method

4    did not involve an ATDS, the alleged facts, taken as true, are sufficient to establish a plausible claim.

5    Although the FAC may not be a premier example of complaint drafting, the allegations are sufficient

6    to meet the requirements of Fed. R. Civ. P. 8(a).

7
8                 **3.       Plaintiff cannot state a viable claim for violation of Nevada's Deceptive Trade Practices Act.**

9          By her fifth claim for relief, Plaintiff alleges that Persolve's actions violated the Nevada

10   Deceptive Trade Practices Act ("NDTPA").  "A person engages in a 'deceptive trade practice' when

11   in the course of his business or occupation he knowingly . . . [v]iolates a state or federal statute or

12   regulation relating to the sale or lease of goods or services," or "uses coercion, duress or intimidation

13   in a transaction."[34]  Civil liability for such actions attaches through NRS 41.600, which authorizes

14   suits by victims of "consumer fraud,"[35] defined as, *inter alia*, "[a] deceptive trade practice."[36]  Thus,

15   to state a claim under the NDTPA, a plaintiff must show that "(1) an act of consumer fraud by the

16   defendant (2) caused (3) damages to the plaintiff."[37]

17         Peatrowsky's NDTPA claim is an attempt to shove her square facts into this round hole of

18

19         [32] Doc. 43, ¶ 62.

20         [33] At several points in its motion, Persolve points to specific paragraphs in the FAC, argues
21   that they are legal conclusions not entitled to the presumption of truth, and concludes that the claim
     should be dismissed.  However, Persolve's reference to specific paragraphs containing legal
22   conclusions ignores the factual allegations contained in other paragraphs upon which Peatrowsky's
     conclusions are premised.  For the sake of brevity, the Court will ignore these arguments from
23   Persolve as an analysis of the sufficiency of a complaint looks at the complaint as a whole, not single
     paragraphs in isolation.

24         [34] Nev. Rev. Stat. § 598.0923(3), (4).

25         [35] Nev. Rev. Stat. § 41.600(1).

26         [36] *Id.* at § 41.600(2)(e).

27         [37] *Sobel v. Hertz Corp.*, 698 F. Supp. 2d 1218, 1230 (D. Nev. 2010).

28                                      Page 9 of 17

1    Nevada law.  Peatrowsky alleges that Persolve's actions constituted a deceptive trade practice

2    because they violated the FDCPA, a federal statute, but she has not alleged that Persolve's violations

3    of the FDCPA related to the sale or lease of goods or services.  Consequently, liability under the

4    NDTPA is not triggered.  And as "securing or collecting debts" does not constitute doing business in

5    Nevada, Persolve's actions were not "in the course of . . . business" as required by the NDTPA.[38]

6    Thus, Peatrowsky's allegations about Persolve's debt-collection practices, even when taken as true,

7    do not establish that she was a victim of consumer fraud or rise to the level of a deceptive trade

8    practice under state law.

9         Peatrowsky argues that NRS chapter 598 and NRS chapter 649—which regulates collection

10   agencies—"in tandem," allow a Nevada state law claim for deceptive trade practices where the

11   collection agency "engages in harassing tactics" as defined under chapter 649.  But Peatrowsky cites

12   to no legal authority and provides no persuasive argument or analysis to support this proposition, and

13   the Court's research has not revealed any.  Although Peatrowsky has alleged violations of NRS

14   649.370 and NRS 649.375, NRS chapter 649 does not provide a private right of action.[39]

15        Peatrowsky also argues that the Ninth Circuit in *Nevada v. Bank of Am. Corp.*[40] determined a

16   violation of the federal Fair Debt Collection Practices Act ("FDCPA") necessarily implies a violation

17   of the NDTPA.  Peatrowsky's reading of the case grossly misinterprets its holding.  The Ninth

18   Circuit simply determined that the state of Nevada's reference to violations of the FDCPA, which

19   provided the predicate liability under NRS 598.0923(3), was insufficient to create federal question

20   jurisdiction.[41]  Thus, although a violation of the FDCPA may provide a basis for a NDTPA claim, it

21   does not automatically do so; all other elements of the state claim—including the "in the course of . .

22
23        [38] Nev. Rev. Stat. § 80.015(1)(h); *Baeza v. Bank of Am. N.A.*, No. 3:11–cv–767–RCJ–VPC, 2012 WL 4062809 at *4 (D. Nev. Sept. 14, 2012).

24        [39] *See* Nev. Rev. Stat. §§ 649.005 et seq. (referencing only the "Commissioner's" rights to enforce the chapter's provisions and setting forth a detail procedural process for filing an
25   administrative compliant); *Malik v. Elsden*, No. A-10-626778-C (Dist. Ct. Nev., Mar. 26, 2012).

26        [40] 672 F.3d 661 (9th Cir. 2012).

27        [41] *Id.* at 675-76.

28                          Page 10 of 17

1  . business" requirement and the need that the actions"relat[e] to the sale or lease of goods or

2  services"—must still be satisfied.  Because Peatrowsky has not adequately alleged the elements of an

3  NDTPA claim, and the time for amendment of pleadings has expired, count five must be dismissed

4  with prejudice.

5  **4.      Plaintiff has failed to state a viable negligence per se claim.**

6  Peatrowsky alleges in count six that Persolve's actions constitute negligence per se.  She

7  contends that Persolve owed her a duty to "refrain from unlawful debt collection activities," that

8  Persolve breached that duty by violating various California, Nevada, and federal statutes, and that its

9  breach caused her to suffer emotional distress.  Peatrowsky's failure to plead damages, however,

10  precludes her from maintaining a negligence per se claim.

11  **a.      California law governs this claim.**

12  The first question this Court must answer in determining the viability of Peatrowsky's

13  negligence per se claim in this California-originating case is what state's law applies.  Because

14  Persolve's actions took place in California but the harm was felt by Peatrowsky in Nevada, there may

15  be a conflict of laws.  "After a transfer pursuant to 28 U.S.C. § 1404(a), the transferee district court

16  generally must apply the state law that the transferor district court would have applied had the case

17  not been transferred."[42]  Thus, the Court applies California conflicts law to determine which state's

18  laws govern this claim.

19  In assessing conflicts of law, California courts apply a three-step governmental interest

20  analysis that examines the various governments' interests and purposes served by their respective

21  laws.[43]  "The fact that two or more states are involved [in a case] does not in itself indicate there is a

22  conflict of laws problem."[44]  California typically applies its own rule of decision "unless a party

23  litigant timely invokes the law of a foreign state" and demonstrates that there is a true conflict and

24  _____

25  [42] *Shanon-Vail Five Inc. v. Bunch*, 270 F.3d 1207, 1210 (9th Cir. 2001).

26  [43] *Castro v. Budget Rent-A-Car System, Inc.*, 154 Cal. App. 4th 1162, 1179 (Cal Ct. App. 2007).

27  [44] *Wash. Mut. Bank, FA v. Superior Court*, 15 P.3d 1071, 1080 (Cal. 2001).

28  Page 11 of 17

1   the governmental interests of a foreign state outweigh California's.[45]  As neither party has asserted

2   that Nevada law should apply and both cite to California law in support of their respective positions,

3   the Court will apply California law.

4
5                    **b.    The facts of this case do not support a negligence per se claim under
                             California law.**

6          Under California law, negligence is presumed where a plaintiff establishes "(1) the defendant

7   violated a statute, ordinance, or regulation of a public entity; (2) the violation proximately caused

8   death or injury to person or property; (3) the death or injury resulted from an occurrence of the nature

9   of which the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering

10  the death or the injury to his person or property was one of the class of persons for whose protection

11  the statute, ordinance, or regulation was adopted."[46]  However, where the statute itself provides for

12  civil remedies, a plaintiff's recourse is under the statute, not under the negligence per se doctrine.[47]

13  Thus, Peatrowsky may not maintain a negligence per se claim predicated on violations of the

14  Rosenthal Act, the FDCPA, the Truth in Lending Act, or the California Privacy Act; her recourse for

15  violations of those statutes are the statutory remedies themselves.

16         To the extent Peatrowsky's negligence per se claim is founded upon Cal. Penal Code § 653m

17  and NRS chapter 649, her allegations are inadequate to state a claim upon which relief may be

18  granted.  The only injury Peatrowsky pleads is emotional distress evidenced by "headaches, nausea,

19  loss of sleep, brain fog, frustration, hand tremors, shaking limbs, and general sense of panic."[48] As

20  Peatrowsky alleges no injury resulting from physical impact, her negligence claim is more accurately

21
22
23  ───────────────

24         [45] *Id.*

25         [46] *Galvez v. Frields*, 88 Cal. App. 4th 1410, 1420 (Cal. Ct. App. 2001).

26         [47] *Chaconas v. JP Morgan Chase Bank*, 713 F. Supp. 2d 1180, 1188-89 (S.D. Cal. 2010)

27         [48] Doc. 43, ¶ 111.

28                                        Page 12 of 17

a claim for negligent infliction of emotional distress.[49]  But California law only allows recovery of emotional distress damages, "absent impact or physical injury, in certain specialized classes of cases."[50]  In these actions, negligent infliction of emotional distress "is not an independent tort, but the tort of negligence" with the traditional elements of duty, breach, causation, and damages.[51] Because California law recognizes no duty to avoid negligently causing emotional distress to another absent a special relationship, "recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty. Even then, with rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests."[52]

In the context of debt collection, a debtor's emotional distress must be caused by some threat of physical injury.[53]  Creditors do not enjoy a special relationship with debtors sufficient to give rise to a duty, so a debtor must show some other legally recognized duty.[54]  Although the violation of a statute may provide the necessary duty, as debt collection typically only entails threats to financial interests, the typical actions of collection agencies do not give rise to negligent infliction of emotional distress liability.[55]

Peatrowsky has not alleged that Persolve made a threat of physical violence against her in its collection attempts to support its claim for emotional distress.  Therefore, the facts as alleged fail to

---

[49] Peatrowsky also includes an allegation that Persolve "negligently trained, supervised, and retained its employees and agents." However, Peatrowsky includes no factual allegations in support of this theory. Thus, to the extent she brings a negligent hiring, supervision, and retention claim, that claim is dismissed.

[50] *Branch v. Homefed Bank*, 6 Cal. App. 4th 793, 800 (Cal. Ct. App. 1992).

[51] *Burgess v. Superior Court*, 831 P.2d 1197, 1200 (Cal. 1992).

[52] *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 807-08 (Cal. 1993).

[53] *Chaconas*, 713 F. Supp. 2d at 1187.

[54] *Id.*

[55] *See id.*

Page 13 of 17

state a claim for negligence per se against Persolve, and Peatrowsky's sixth claim for relief also must be dismissed with prejudice.

**5.      Peatrowsky has stated a cognizable claim for violation of California Penal Code § 632(a).**

Peatrowsky also alleges that Persolve violated Cal. Penal Code § 632(a), which criminalizes the use of an "electronic amplifying or recording device" to eavesdrop on confidential communications.  A confidential communication "includes any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto."[56]  Companies may be liable for eavesdropping on calls between one of its employees and a customer, even though the company is not technically a third-party.[57]  An individual injured by a violation of § 632 may bring a civil action against the perpetrator.[58]  To state a civil claim for violation of § 632(a), a plaintiff must show (1) the defendant used an electronic device (2) to record or eavesdrop  (3) on the plaintiff's confidential communication (4) without the plaintiff's consent.[59]

Peatrowsky has adequately alleged a claim for violation of § 632(a).  She alleges that she asked Persolve's agent if the phone call was being recorded and the agent answered that it was not and, despite the agent's representation, Persolve was, in fact, recording the call.  Plaintiff's question reasonably indicated that she had a desire for the conversation to be confined to her and the agent.  The agent's response created a reasonable expectation that no one else was or would be listening to the phone call.  It is reasonable to infer from the allegations that Persolve used an electronic device to record the conversation without Plaintiff's consent.  Peatrowsky has sufficiently stated a claim under § 632(a).

---

[56] Cal. Penal Code § 632(c).

[57] *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377, 1391 (Cal. Ct. App. 2011).

[58] Cal. Penal Code § 637.2

[59] *See* Cal. Penal Code § 632(c).

**6.      Plaintiff has stated a claim for invasion of privacy.**

As her eighth claim for relief, Peatrowsky alleges Persolve's calls to her home attempting to collect a debt invaded on her privacy.  Invasion of privacy is a common law tort, and to determine which state's law applies, the Court must again apply the California conflicts analysis.  Although Peatrowsky and Persolve cite to Nevada law in the FAC and motion to dismiss respectively, they cite California law in support of their arguments in all other filings.  In assessing the tort of invasion under both Nevada and California law, the Court cannot discern a true conflict between the laws of the two states.  The Court therefore concludes that California law applies.

To state a claim for invasion of privacy under California law, a plaintiff must show "(1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person."[60]  To show an actionable intrusion, "the plaintiff must show the defendant penetrated some zone of physical or sensory privacy" where the plaintiff had an objectively reasonable expectation of seclusion or solitude.[61]  The plaintiff must also suffer damages.[62]  Whether that intrusion is "offensive" depends on "the degree of the intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded."[63]

"[R]epeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion."[64]  Additionally, the emotional distress caused by such calls is a sufficient basis for damages.[65]  The number of calls, standing alone, is an insufficient allegation of highly

---

[60] *Shulman v. Group W Productions, Inc.*, 955 P.2d 469, 490 (Cal. 1988).

[61] *Id.*

[62] California Civil Jury Instructions (BAJI) 7.20

[63] *Deteresa v. Am. Broad. Cos., Inc.*, 121 F.3d 460, 465 (9th Cir.1997).

[64] *Panahiasl v. Gurney*, No. 04-04479 JF, 2007 WL 738642 at *3 (N.D. Cal. Mar. 8, 2007).

[65] *Id.*

offensive conduct;[66] some other circumstance indicating an intent to harass or annoy—such as calling another relative to locate the debtor,[67] failing to identify oneself when calling,[68] calls at unreasonable hours,[69] a pattern of calling back immediately after a call is terminated,[70] or calling with knowledge the call is somehow unauthorized[71]—must accompany the calls for them to be considered highly offensive.

Peatrowsky has alleged sufficient facts to state a claim for invasion of privacy under California law.  Peatrowsky alleges that Persolve, posing as a delivery service, called her at work and elicited information from her under false pretenses.  This fact, coupled with the number of calls to Peatrowsky's work, home, and cellular telephones is sufficient to create a plausible claim that Persolve's conduct was highly offensive.  Thus, Plaintiff has adequately stated a claim for invasion of privacy.

## C.    Persolve's Motion to Strike

Persolve also asks the Court to strike nearly all of the paragraphs in the FAC that purport to detail the representations its agent made to Peatrowsky in the course of the debt-collection efforts, along with Peatrowsky's allegations that Persolve's actions were willful, deliberate, oppressive, harassing, or wrongful, arguing that they are immaterial and impertinent.  Rule 12(f) of the Federal Rules of Civil Procedure authorizes a "court [to] strike from a pleading . . . any redundant,

---

[66] *Marseglia v. JP Morgan Chase Bank*, 750 F. Supp. 2d 1171, 1178 (S.D. Cal. 2010).

[67] *Fausto v. Credigy Services Corp.*, 598 F. Supp. 2d 1049, 1054 (N.D. Cal. 2009).

[68] *Id.* at 1056.

[69] *Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 238 F. Supp. 2d 1158, 1167 (N.D. Cal. 2002).

[70] *Id.* at 1168.

[71] *E.g.*, *id.* (calling shortly after being asked not to call again); *Chaconas*, 713 F. Supp 2d at 1185 (calling after notification debtor was represented by counsel); *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1063 (C.D. Cal. 2009) (calling to debtor's work with knowledge that creditor was not authorized to do so); *Panahiasl*, 2007 WL 738642 at *3 (repeatedly calling place of work and sending collection letters in care of plaintiff's employer).

immaterial, impertinent, or scandalous matter."  Matter is "immaterial" if it has no bearing on the controversy before the court.[72]  Allegations are "impertinent" if they are not responsive to the issues that arise in the action and that are admissible as evidence.[73]  "Scandalous" matter is that which casts a cruelly derogatory light on a party or other person.[74]

Persolve has not demonstrated that the allegedly offending paragraphs are immaterial, impertinent, or scandalous.  The content of the conversations between Persolve's agent and Peatrowsky is the crux of this lawsuit, and many of the allegations Persolve seeks to strike go directly to the elements of Peatrowsky's claims; others go directly to the amount of damages. Persolve's Motion to Strike is denied.

### Conclusion

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Entry of Clerk's Default **[Doc. 46] is DENIED**.

It is further ORDERED that Plaintiff's Motion to Strike Defendant's Motion to Dismiss **[Doc. 52] is DENIED**.

It is further ORDERED that Plaintiff's Motion to Shorten Time **[Doc. 53] is DENIED** as moot.

It is further ORDERED that Defendant's Motion to Dismiss **[Doc. 48] is GRANTED in part and DENIED in part**; counts five and six of Plaintiff's First Amended Complaint are dismissed with prejudice.

It is further ORDERED that Defendant's Motion to Strike **[Doc. 49] is DENIED**.

DATED March 24, 2014

_____
Jennifer A. Dorsey
United States District Judge

---

[72] *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

[73] *Id.*

[74] *Id.*